# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

EISHO SUZUKI,

    Plaintiff,

v.

COUNTY OF CONTRA COSTA, et al.,

    Defendants.

Case No. 18-cv-06963-SI

**ORDER GRANTING DEFENDANTS' MOTION TO STAY PENDING APPEAL AND DENYING PLAINTIFF'S MOTION TO CERTIFY DEFENDANTS' INTERLOCUTORY APPEAL AS FRIVOLOUS**

Re: Dkt. Nos. 46, 48

    Defendants in the present action have filed a motion to stay the proceedings, pending resolution of their interlocutory appeal. Plaintiff has filed a motion to certify defendants' interlocutory appeal as frivolous. A hearing on both motions is currently scheduled for October 4, 2019. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the following reasons set forth below, the Court GRANTS defendants' motion to stay proceedings pending appeal and DENIES plaintiff's motion to certify defendants' interlocutory appeal as frivolous.

## BACKGROUND

    On November 16, 2018, plaintiff Eisho Suzuki filed a complaint against defendants, the County of Contra Costa ("County"), Suzanne Porter ("Porter"), and Does 1–10, alleging defendants violated his civil rights under 42 U.S.C. § 1983. Dkt. No. 1. Plaintiff alleges Porter violated his civil rights by knowingly fabricating evidence of child abuse, which plaintiff's wife later used in a child custody dispute, resulting in plaintiff losing custody of his children. Dkt. No. 16 (FAC ¶ 20). Plaintiff also alleges the County violated his civil rights by hiring Porter as a social worker when the County knew or should have known Porter was unfit to be a social worker. FAC ¶ 32.

    After this Court granted in part and denied in part defendants' motion to dismiss the first

amended complaint, *see* Dkt. No. 31, defendants filed a motion for judgment on the pleadings. Dkt. No. 38 (Mot. J. Pleadings). In the motion, defendants argued that Porter is entitled to qualified immunity because it is not clearly established that she violated plaintiff's Fourteenth Amendment rights by fabricating evidence that another used in private litigation. *Id*. at 7:1–6. On August 8, 2019, this Court issued an order denying the motion for judgment on the pleadings. Dkt. No. 42 (Order Den. Defs.'s Mot. J. Pleadings). This Court found that Porter is not entitled to qualified immunity, after rejecting defendants' argument that qualified immunity is lost only when a government official both fabricates and personally uses the fabricated evidence. *Id*. at 11:10–14. On August 19, 2019, defendants appealed the order to the United States Court of Appeals for the Ninth Circuit. Dkt. No. 43.

Now, defendants move to stay the proceedings, pending resolution of their interlocutory appeal of this Court's order denying their motion for judgment on the pleadings. Dkt. No. 46 (Defs.'s Mot. Stay Pending Appeal). Plaintiff moves to certify defendants' interlocutory appeal as frivolous. Dkt. No. 48 (Pl. Mot. Certify Defs.'s Appeal Frivolous). Each party has opposed the other's motion and both sides have filed reply briefs. Dkt. Nos. 55, 56, 58.

## LEGAL STANDARD

"In general, a district court's denial of qualified immunity is immediately appealable." *Martinez v. City of Pittsburg*, No. 17-cv-04246-RS, 2019 U.S. Dist. LEXIS 58568, at *3 (N.D. Cal. Apr. 4, 2019) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985)). An appeal of a denial of qualified immunity "'divests the district court of jurisdiction to proceed with trial' on the issues involved in the appeal." *Id*. (citing *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992)). Thus, the court is compelled to stay the proceedings in regard to the issues on appeal, unless the appeal is frivolous. *Chuman*, 960 F.2d at 105. However, a district court "still has jurisdiction over aspects of the case that are not the subject of the appeal." *Castro v. Melchor*, 760 F. Supp. 2d 970, 1003 (D. Haw. 2010); *see also Martinez*, 2019 U.S. Dist. LEXIS 58568, at *5.

In deciding whether to stay an action, a district court must weigh all relevant "competing interests." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). A district court must

consider the following four factors in making its determination, including: "(1) whether the stay applicant has made a strong showing that [one] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

When a party appeals the denial of qualified immunity, a district court may nevertheless certify the appeal as frivolous, then proceed with trial. *Padgett v. Wright*, 587 F.3d 983, 985 (9th Cir. 2009). An appeal is frivolous only when it is wholly without merit or the results are obvious. *Amwest Mortgage Corp. v. Grady*, 925 F.2d 1162, 1165 (9th Cir. 1991). "This means that the appeal must be so baseless that it does not invoke appellate jurisdiction such as when the disposition is so plainly correct that nothing can be said on the other side." *Schering Corp. v. First DataBank, Inc.*, No. C 07-01142 WHA, 2007 U.S. Dist. LEXIS 45813, at *3 (N.D. Cal. June 18, 2007) (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1338-39 (7th Cir. 1989)).

**DISCUSSION**

**I. Motion to Certify Defendants' Interlocutory Appeal as Frivolous**

Plaintiff argues that "for [d]efendants' appeal not to be frivolous, then a reasonable social worker would <u>not</u> have to know it is illegal to deliberately fabricate evidence [or] . . . that it is illegal to use the fabricated evidence . . . ." *Id*. at 8:4–8. Defendants argue that their appeal is not frivolous because they use case law to support their arguments. Dkt. No. 56 at 4:23–25, 5:21–6:1.

An appeal from the denial of qualified immunity is not frivolous solely because the district court based its order on what it perceived to be clearly established law. *See Lum v. County of San Joaquin*, No. CIV. S-10-1807 LKK/DAD, 2012 U.S. Dist. LEXIS 79949, at *8 (E.D. Cal. June 8, 2012) (denying certification because "any district court order denying qualified immunity would rest on a conclusion about 'clearly established' law, and such a basis rendering the decision unappealable would be contrary to the Supreme Court's holding . . . that rulings on qualified immunity are eligible for interlocutory appeal."). To certify the appeal as frivolous on account of the very question that defendants seek to appeal, as plaintiff urges of this Court, is to render

3

defendants' ability to appeal a nullity.

Furthermore, there is nothing to suggest that defendants' interlocutory appeal is so "wholly without merit" or "baseless" as to rise to the level of being frivolous. Even a district court's belief that parties are unlikely to prevail on appeal is insufficient alone to warrant certification of the appeal as frivolous. *See Martinez*, 2019 U.S. Dist. LEXIS 58568, at *4–5 (refusing to certify an appeal as frivolous despite believing that the non-moving party was unlikely to prevail on appeal). Although the Court maintains that a "reasonable social worker knows it is illegal to deliberately fabricate evidence and use the fabricated evidence to coerce someone into filing a [domestic violence restraining order]," Order Den. Defs.'s Mot. J. Pleadings at 11:25–26, defendants' arguments are sufficient for an interlocutory appeal to proceed.

Thus, the Court finds that defendants' interlocutory appeal of this Court's denial of qualified immunity is not frivolous. As such, the proceedings against Porter are automatically stayed.

## II. Motion to Stay Proceedings against the County Pending Appeal

Defendants argue that, in the interests of judicial economy, the Court should stay all proceedings, including those against the County, since defendants intend to request that the Ninth Circuit "take pendent jurisdiction" over plaintiff's claim against the County and since plaintiff has propounded burdensome discovery. Defs.'s Mot. Stay Pending Appeal at 3:7–12, 3:18–19, 4:2–5. Plaintiff argues that the Court should not stay proceedings because a stay would prejudice plaintiff and because the scope of discovery does not warrant a stay. Dkt. No. 55 at 3:5–6, 5:12–16). For the following reasons, the Court finds that a stay is appropriate.

The Court finds that the factors pertaining to irreparable injury absent a stay and to public interest weigh in favor of staying the proceedings. Irreparable harm may result when a court continues proceedings against a municipality, but the municipality's liability arises from the conduct of municipal officials whose proceedings the court has already stayed. *See Burgan v. Nixon*, No. CV 16-61-BLG-CSO, 2016 U.S. Dist. LEXIS 154323, at *13–14 (D. Mont. Nov. 7, 2016). Since the proceedings are automatically stayed as they pertain to Porter, and the County's liability hinges on that of Porter, the County will incur irreparable injury absent a stay. In *Hernandez v. City of San*

4

*Jose*, a district court granted a motion to stay because it was possible that the appellate court would take pendent jurisdiction over the matter; it would simplify the issues and proof; and, in the absence of a stay, the parties would have to engage in litigation that the appellate court's finding might later render moot. No. 16-CV-03957-LHK, 2017 U.S. Dist. LEXIS 73803, at *44–48 (N.D. Cal. May 15, 2017). Similarly, here, defendants request the Ninth Circuit take pendent jurisdiction over plaintiff's claims against the County. Defs.'s Mot. Stay Pending Appeal at 3:7–12. Thus, there is a possibility that the Ninth Circuit will take pendent jurisdiction and resolve the appeal in a way that renders moot any further proceedings. Furthermore, a stay would simplify the issues and proof here because the County's liability arises in part from Porter's alleged conduct.

Although a stay of proceedings will prejudice plaintiff, since the events arose around three years ago and discovery has not begun, for the reasons discussed above, the irreparable injury to the County absent a stay outweighs any such prejudice. Furthermore, the factor analyzing likelihood of success on the merits is neutral since discovery has yet to proceed to show whether plaintiff is able to substantiate his claims against defendant at trial. Thus, the above factors compel a stay of proceedings.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion to certify defendants' interlocutory appeal as frivolous and GRANTS defendants' motion to stay proceedings pending resolution of the interlocutory appeal.

**IT IS SO ORDERED**.

Dated: September 25, 2019

SUSAN ILLSTON
United States District Judge